### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WAYMAN W. TIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-97-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

Wayman W. Timmons ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

### Administrative History

In March 1991, Plaintiff's mother successfully applied for benefits on behalf of her seven-year-old son; the disability determination was based on Plaintiff's mental deficiency and asthma [Tr. 51 - 56 and 114 - 117]. On subsequent disability review in January, 2002, the then eighteen-year-old Plaintiff was found to be not disabled under adult disability criteria [Tr. 74 - 77]. Plaintiff received a requested hearing before an administrative law judge ("ALJ") in March, 2003 [Tr. 24 - 50]; an unfavorable decision followed [Tr. 15 - 21]. On appeal, this court reversed the Commissioner's decision and remanded the matter for

further proceedings [Tr. 391- 394].  *See Timmons v. Barnhart,* CIV-04-636-M.  When no action had been taken for over two years after the remand, Plaintiff's counsel requested a status update from the Appeals Council of the Social Security Administration [Tr. 389].  The Appeals Council responded, noting some confusion with regard to the case and stating that the claim file would be obtained [Tr. 388].  Rather than remanding the matter to an ALJ for a new hearing [Tr. 386], the Appeals Council then entered a decision[1] – the subject of this appeal – concluding that Plaintiff was not disabled within the meaning of the Social Security Act [Tr. 380 - 387].

**<u>Standard of Review</u>**

This court is limited in its review of the Commissioner's final decision to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Lax v. Astrue***,** 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted).  Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the Commissioner, the court's review is not superficial.   "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion."

_____

[1]Plaintiff invites this court to examine the decision of the Appeals Council with skepticism because certain of its findings were contrary to those of ALJ whose decision the Council could have altered on its first review of this matter [Doc. No. 13, pp. 18 - 19]. Nonetheless, Plaintiff acknowledges, *id.* at 19, that no technical error was committed by the Appeals Council in this regard. See 20 C.F.R § 416.1483.  Consequently, the undersigned declines Plaintiff's request.

*Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* at 299.

## Determination of Disability

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Under this sequential procedure, Plaintiff  bears the initial burden of proving that he has one or more severe impairments.  20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## Analysis of Plaintiff's Claim of Error

Under the foregoing sequential procedure, if a claimant establishes at step three that he has an impairment that meets or equals a listed impairment, he will be found disabled and, consequently, eligible for benefits.  *See* 20 C.F.R. § 416.920(d).  Here, the ultimate issue is

whether Plaintiff meets the requirements of a listed impairment, specifically listing 12.05C

which applies to claims of disability based upon mental retardation.   There is no dispute

between the parties that Plaintiff meets the first prong of listing 12.05C - the mental

retardation requirements.   This listing, however, requires *both* "[a] valid, verbal,

performance, or full scale IQ of 60 through 70 *and* a physical . . . impairment imposing an

additional and significant work-related limitation of function[.]" 20 C.F.R. Pt. 404, Subpt.

P, App. 1 § 12.05C (emphasis added).   The Appeals Council found that Plaintiff's asthma

was a non-severe impairment which only "imposes additional *minimal* limitations on the

claimant's ability to do work-related activities." [Tr. 386 (emphasis added)].   Plaintiff

maintains that this finding was erroneous both as a matter of fact and of law [Doc. No. 13,

pp. 19 - 24].   The disputed issue, then, is whether Plaintiff's impairment of asthma imposes

the requisite "significant work-related limitation of function" and thus meets the second prong

of 12.05C.  *Id.*

> With regard to this second prong, the Tenth Circuit has held that
>
> [A] claimant's physical impairment need not be independently disabling to
> meet the second prong of § 12.05C.  Rather, the decision regarding whether a
> claimant has a § 12.05C significant limitation should closely parallel the step
> two standard which is de minimus.  The regulations require that the claimant's
> impairments be considered throughout the disability determination process
> which includes step three and the second prong of Listing 12.05C.

*Carpenter v. Astrue,* 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations, quotation marks, and

citations omitted).   In meeting this step two standard, "[t]he claimant must show more than

the mere presence of a condition or ailment." *Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th Cir.

1997) (quotation omitted).  Social Security regulations provide that at the second step of the

sequential evaluation "we consider the medical severity of your impairment(s)."  20 C.F.R.

§ 416.920(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does

not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R.

§ 416.921(a).  Basic work activities are defined as "the abilities and aptitudes necessary to

do most jobs."  *Id.* at § 416.921(b).

Here, the Appeals Council specifically found that Plaintiff's asthma, while a medically

determinable impairment, was not severe:

> The record indicates that the claimant has been diagnosed with asthma;
> however, it has not been shown that that impairment causes any significant
> limitations to the claimant's ability to do work-related activities. Dr. Trotter's
> [the consultative examining physician's] examination found only scattered
> wheezes.   At that time it was noted that he required only occasional
> medication, and that his asthma did not prevent him from exercising, running,
> or walking. There was mention of one brief hospitalization related to the
> claimant's asthma, but documentation of that report is not in the record, and
> given the isolated nature of this event, it would not be considered indicative of
> significant limitation.   There is no indication, therefore, that the claimant's
> asthma imposes any limitations on a consistent basis. Dr. Woodcock [the State
> Agency medical consultant] indicated that the claimant's asthma was not
> severe, and the Appeals Council generally concurs.

[Tr. 382].

Plaintiff maintains that the Appeals Council's step two determination is not supported

by substantial evidence of record.  To the contrary, the Appeals Council properly considered

the opinion of Dr. Woodcock, the  State Agency medical consultant who reviewed the record

and determined that Plaintiff's asthma was non-severe, specifically noting a lack of evidence

of acute exacerbations and a lack of regular treatment [Tr. 372, 381, and 382]. With regard

to the opinions of State agency physicians, Social Security regulations provide that

> Administrative law judges are not bound by any findings made by State
> agency medical or psychological consultants, or other program physicians or
> psychologists. However, State agency medical and psychological consultants
> and other program physicians and psychologists are highly qualified
> physicians and psychologists who are also experts in Social Security disability
> evaluation. Therefore, administrative law judges *must* consider findings of
> State agency medical and psychological consultants or other program
> physicians or psychologists as opinion evidence . . . .

20 C.F.R. §416.927(f)(2)(i) (emphasis added).

As to the Council's reliance on Dr. Woodcock's opinion, Plaintiff argues that Dr.

Woodcock's opinion was insufficient to support a finding that Plaintiff's asthma was not

severe [Doc. No. 13, p. 21], citing to the Tenth Circuit's decision in *Drapeau v. Massanari,*

255 F.3d 1211, 1214 (10th Cir. 2001). Plaintiff's reliance on this decision is misplaced. The

*Drapeau* court determined that where the ALJ disregarded the opinion of a treating

physician, the unsupported opinions of a non-examining physician were not substantial

evidence in support of the decision. *Id*. at 1213-14. Here, however, there is no treating

physician opinion evidence, and Dr. Woodcock's opinion is not unsupported [Tr. 372].

In addition, Plaintiff maintains that "a review of the evidence supports [Plaintiff's]

assertion that his asthma would have more than a minimal impact on his ability to perform

work-related activities." [Doc. No. 13, p. 22]. Plaintiff points to evidence – as did the

Appeals Council [Tr. 382] – that Dr. Trotter, the consultative examiner, detected scattered

wheezes over the lung fields, but no rales or rhonchi, on physical examination [Doc. No. 13,

p. 22; Tr. 366].   Nonetheless, Plaintiff does not direct the court to any medical source evidence that these scattered wheezes imply a significant limitation on Plaintiff's physical ability to do basic work activities.  And, as the Appeals Council specifically noted, Plaintiff's mother reported that Plaintiff's asthma required only occasional medication and does "not prevent him from exercising, running or walking." [Tr. 365 and 382].   As further evidence of severity, Plaintiff argues that Plaintiff's mother stated that Plaintiff had been hospitalized in Hugo, Oklahoma for an asthma attack within the last five months [Doc. No. 13, p. 22; Tr. 365].   The Appeals Council did not find supporting documentation of such a hospitalization in the record [Tr. 382], and Plaintiff does not cite to any such records.   The undersigned's review of the record confirms the Appeals Council's finding.   The only reference to a hospitalization in Hugo was in a report of a consultative examination in 1997 when Plaintiff's mother advised that he had been "in the hospital in Hugo for a week 18 months ago because of his asthma." [Tr. 339].   Finally, Plaintiff provides record citations to "the previous evidence of [Plaintiff's] asthma." [Doc. No. 13, pp. 22 - 23].   The issue, however, is the severity of Plaintiff's asthma as of 2002.   Substantial evidence supports the Appeals Council's finding that Plaintiff's asthma does not significantly limit Plaintiff's ability to do basic work activities and, consequently, is a non-severe impairment.

Following its finding at step two of the sequential evaluation, the Appeals Council proceeded to its step three determination:

> The claimant has the impairments of mental retardation and asthma, but such impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4.

> The claimant's impairments do not meet the requirements of section 12.05C of Appendix 1 as his asthma does not impose any significant limitation on his ability to do work-related activities.   Furthermore, his impairments do not equal the requirements of section 12.05C, or any other listing in Appendix 1, as the medical evidence does not show any additional limitations from other impairments which would bring his impairments to a listing level.

[Tr. 382].

Next, at step four, the Appeals Council formulated Plaintiff's residual functional capacity ("RFC")[2] in compliance with Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'). The Council continued to consider Plaintiff's asthma and determined that while it was a "nonsevere" impairment [Tr. 384], Plaintiff "should avoid work in environments which would expose him to excessive amounts of fumes, gases, or dust." *Id.*  In its summary findings, the Appeals Council determined that Plaintiff's asthma imposes *minimal* limitations on Plaintiff's ability to do work-related activities, specifically restriction to work which does not require exposure to environmental extremes of temperature and exposure to excessive amounts of dust, fumes, or gases [Tr. 386 (emphasis added)].

Plaintiff contends, as a matter of law, that the Appeals Council's imposition of this restriction at step four contradicts its finding of non-severity at step two [Doc. No. 13, pp.

---

[2]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. § 416.945(a)(1).

23 - 24].  It is Plaintiff's theory that even if the Appeals Council characterized Plaintiff's limitations as minimal they were, in fact, significant for purposes of the second prong of 12.05C.  *Id.* at 20.  As support, Plaintiff relies on the decision in *Walker v. Massanari,* 149 F.Supp.2d 843 (S.D. Iowa 2001).  There, as here, the adjudicator found that the claimant's well-controlled asthma reduced his RFC by limiting him to work which did not require exposure to environmental extremes.  *Id.* at 348.  Citing to the decision in *Sird v. Chater,* 105 F.3d 401, 403 (8th Cir. 1997), and without discussion, the *Walker* court stated simply that it was its opinion that "this impairment satisfies the second prong of. . . listing [12.05C]."  *Id.* Plaintiff concedes, however, that the Tenth Circuit has never determined that environmental limitations are significant for purposes of the second prong of listing 12.05C [Doc. No. 13, p. 20].

Instead, Plaintiff maintains that "the Tenth Circuit has reached a decision consistent with *Walker* in the context of a step five case involving the Medical-Vocational Guidelines ("grids")."  *Id.*  Plaintiff relies on the Tenth Circuit's decision in *Ramirez v. Astrue,* 255 Fed. Appx. 327, 331 (10th Cir. Nov. 20, 2007), where the court determined that vocational testimony is required with regard to whether the impact of a nonexertional environmental restriction on the range of available jobs is significant.  The question, however, was whether the environmental restrictions were significant from "a vocational standpoint,"  *id.,* or, in other words, whether the environmental restrictions were of significance to the occupational base.  *Talbot v. Heckler,* 814 F.2d. 1456, 1465 n.6 (10th Cir. 1987).  Contrary to Plaintiff's claim, there is nothing "logical," [Doc. No. 13, p. 21], about equating what is significant for

vocational purposes at step five with what is significant at step two in terms of a claimant's ability to perform basic work activities.

The decision of the Appeals Council in this case is sound as a matter of both the law and the evidence.  As with the Plaintiff in this case, the claimant in *Hinkle,* 132 F.3d at 1351, argued that because the adjudicator in his case found that he could only perform certain work, "the ALJ impliedly held that Mr. Hinkle had a significant impairment which met the second prong." And, as with the *Hinkle* claimant who also "urge[d the Tenth Circuit] to hold that a finding that a claimant cannot perform 'heavy or very heavy work due to a medically determinable impairment' meets the second prong of § 12.05C[,]" *id.*, the Plaintiff here argues that a finding that he cannot perform work which exposes him to environmental extremes likewise meets listing 12.05C's second prong.  The *Hinkle* court specifically declined to adopt that standard.  *Id.*

## **RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be affirmed..  The parties are advised of their right to object to this Report and Recommendation by February 12, 2009,  in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of January, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE